UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

NATHANIEL OLIVER, JR.,

        Plaintiff,                      Case No. 07-15476

v.                                            Thomas L. Ludington
                                            U.S. District Judge

COMMISSIONER OF
SOCIAL SECURITY,                     Michael Hluchaniuk
                                            U.S. Magistrate Judge

        Defendant.
_____/

**ORDER REQUIRING DEFENDANT TO SUBMIT
ADDITIONAL BRIEFING AND DOCUMENTATION**

Plaintiff filed a complaint on December 27, 2007 alleging that he was wrongfully denied social security disability insurance benefits. (Dkt. # 1). This matter was referred to Magistrate Judge Donald A. Scheer for all pretrial purposes by District Judge Thomas L. Ludington. (Dkt. # 3). This matter was reassigned to the undersigned on January 15, 2008. (Dkt. # 4).

Defendant filed a motion to dismiss this matter on February 29, 2008, claiming that plaintiff failed to exhaust his administrative remedies because his appeal to the Appeals Council was dismissed as untimely filed. (Dkt. # 6). Plaintiff filed a response on March 21, 2008, asserting that his appeal was timely

1

filed with the Appeals Council. (Dkt. # 8). More specifically, plaintiff states that, with the Appeals Council's authorization, on July 23, 2007, his counsel timely filed, via facsimile, a request for review of the Administrative Law Judge's decision to the Appeals Council and a letter detailing the basis for the appeal. *Id.* at 1. Plaintiff further explains that, due to a power outage, his counsel's facsimile machine reset its internal date stamp to January 4, 1994 and, on August 9, 2007, his counsel's office received a telephone call from the Appeals Council asking that the appeal be resubmitted because the facsimile machine had stamped a date of January 4, 1994 on it. *Id.* at 1-2. Plaintiff's counsel claims that he resubmitted the appeal per the Appeals Council's request that same day. *Id.* at 2. Defendant takes the position that plaintiff did not file any appeal until August 9, 2007. (Dkt. # 6).

In the motion to dismiss, defendant did not, however, address plaintiff's claims regarding the July 23, 2007 facsimile. For this Court to issue a decision on the merits of defendant's motion to dismiss, defendant must address all the claims and issues raised in plaintiff's response to defendant's motion to dismiss, and provide complete responses to the following questions and requests:

    1.    Did the Appeals Council receive the July 23, 2007 facsimile from plaintiff's counsel's office?

    2.    Did anyone from the Appeals Council contact plaintiff's counsel's

office on August 9, 2007? If so, who did so and what is defendant's position on the substance of that conversation?

3. Did the Appeals Council investigate plaintiff's claim that the appeal was filed on July 23, 2007? If so, state when the investigation was performed and describe that investigation in detail, including the details of any interviews or consultations conducted in that process.

4. Did the Appeals Council investigate plaintiff's October 23, 2007 request to reopen this matter? If so, state when the investigation was performed and describe that investigation in detail, including the details of any interviews or consultations conducted in that process. Additionally, provide a copy of the order attached to the November 9, 2007 Notice of Order of Appeals Council Dismissing Request for Review. (Dkt. # 6, Ex. 6).

5. If plaintiff's counsel sent the appeal via facsimile on July 23, 2007, what is defendant's position on the timeliness of the appeal?

**Defendant must submit this additional briefing and documentation by Monday, June 9, 2008**.

**IT IS SO ORDERED.**

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service of a copy hereof as

provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not thereafter assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Date: May 22, 2008                    s/Michael Hluchaniuk
                                      Michael Hluchaniuk
                                      United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that on <u>May 22, 2008</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: <u>James A. Brunson, AUSA, Charles A. Robinson, and Commissioner of Social Security</u>, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: <u>not applicable</u>.

                                      s/James P. Peltier
                                      Courtroom Deputy Clerk
                                      U.S. District Court
                                      600 Church Street
                                      Flint, MI 48502
                                      (810) 341-7850
                                      pete_peltier@mied.uscourts.gov