UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

NATHANIEL OLIVER, JR.,

       Plaintiff,                            Case No. 07-15476

v.                                                  Thomas L. Ludington
                                                    U.S. District Judge

COMMISSIONER OF
SOCIAL SECURITY,                        Michael Hluchaniuk
                                                    U.S. Magistrate Judge

       Defendant.
_____/

**REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION TO DISMISS**

    A.    Procedural History

Plaintiff filed a complaint on December 27, 2007 alleging that he was wrongfully denied social security disability insurance benefits. (Dkt. 1). This matter was referred to Magistrate Judge Donald A. Scheer for all pretrial purposes by District Judge Thomas L. Ludington. (Dkt. 3). This matter was reassigned to the undersigned on January 15, 2008. (Dkt. 4).

Defendant filed a motion to dismiss this matter on February 29, 2008, claiming that plaintiff failed to exhaust his administrative remedies because his appeal to the Appeals Council was dismissed as untimely filed. (Dkt. 6). Plaintiff

1

Report and Recommendation
Defendant's Motion to Dismiss
*Oliver v. Comm'r of Soc. Sec.*, Case No. 07-15476

filed a response on March 21, 2008, asserting that his appeal was timely filed with the Appeals Council. (Dkt. 8). More specifically, plaintiff stated that, with the Appeals Council's authorization, on July 23, 2007, his counsel timely filed, via facsimile, a request for review of the Administrative Law Judge's decision to the Appeals Council and a letter detailing the basis for the appeal. *Id*. at 1. Plaintiff further explains that, due to a power outage, his counsel's facsimile machine reset its internal date stamp to January 4, 1994 and, on August 9, 2007, his counsel's office received a telephone call from the Appeals Council asking that the appeal be resubmitted because the facsimile machine had stamped a date of January 4, 1994 on it. *Id*. at 1-2. Plaintiff's counsel claims that he resubmitted the appeal per the Appeals Council's request that same day. *Id*. at 2. Defendant took the position that plaintiff did not file any appeal until August 9, 2007. (Dkt. 6).

Because defendant did not address plaintiff's claims regarding the July 23, 2007 facsimile, the Court ordered defendant to file a supplemental brief on this issue. (Dkt. 22). On June 9, 2008, defendant filed a brief acknowledging that plaintiff had, in fact, timely filed a request for review with the Appeals Council. (Dkt. 10, p. 1). Defendant asserts, however, that this Court should still dismiss this matter because it has no subject matter jurisdiction until the Appeals Council makes a decision on the request for review. *Id*. at 2. Plaintiff suggests, on the

2

Report and Recommendation
Defendant's Motion to Dismiss
*Oliver v. Comm'r of Soc. Sec.*, Case No. 07-15476

other hand, that the Court remand this matter to the Appeals Council and retain jurisdiction so that the effort and expense preparing the complaint is not wasted. (Dkt. 11, pp. 2-3).

  B. <u>Discussion</u>

  Title 42 U.S.C. § 405(g) specifies the following requirements for judicial review: (1) a final decision of the Secretary made after a hearing; (2) commencement of a civil action within 60 days after the mailing of notice of such decision; and (3) filing of the action in an appropriate district court. *Weinberger v. Salfi*, 422 U.S. 749, 763-64 (1975). Defendant correctly points out that the accompanying regulations explain that a claimant must complete a four-step administrative review process to obtain a judicially reviewable final decision. 20 C.F.R. § 416.1400(a). First, a claimant applies for benefits and receives an initial determination and, if dissatisfied with this determination, the claimant may request reconsideration. Second, if dissatisfied with the reconsidered determination, the claimant may request a hearing before an ALJ. Third, if the claimant is dissatisfied with the ALJ's decision, the claimant must request that the Appeals Council review the decision. Finally, the Appeals Council may deny the request for review and allow the ALJ's decision to stand as the final decision of the Commissioner or it may grant the request for review and issue its own decision, which then becomes

3

Report and Recommendation
Defendant's Motion to Dismiss
*Oliver v. Comm'r of Soc. Sec.*, Case No. 07-15476

the final decision of the Commissioner. The claimant may then seek judicial review of the Commissioner's final decision by filing an action in federal district court within sixty days after receiving notice of the Appeals Council's action. 20 C.F.R. §§ 416.1400(a)(5); 422.210. Defendant claims that, because there was no "final decision," this Court lacks subject matter jurisdiction.

However, it is well-established that the Commissioner may waive the exhaustion requirements of § 405(g). The Supreme Court has distinguished between a waivable element of the jurisdictional requirements of § 405(g) and a non-waivable element. *Wright v. Califano*, 587 F.2d 345, 348-349 (7th Cir. 1978). The non-waivable element is the filing of an application for benefits and the waivable element is the "requirement that administrative remedies prescribed by the [Commissioner] be exhausted." *Id.*, citing, *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976); *Weinberger v. Salfi*, 422 U.S. 749 (1975); *see also, Petty v. Astrue*, ___ F.Supp.2d ___,*4; 2008 WL 1953518 (D. Ariz. 2008) (Commissioner may waive exhaustion requirement). The Sixth Circuit has observed that, by filing a claim for benefits, a plaintiff satisfies the "only truly jurisdictional requirement" found in § 405(g) because there is, therefore, "some decision by the [Commissioner]...." *Ahghazali v. Sec'y of Health and Human Services*, 867 F.2d 921, 927 (6th Cir. 1989), quoting, *Eldridge*, 424 U.S. at 328. Moreover, courts

4

Report and Recommendation
Defendant's Motion to Dismiss
*Oliver v. Comm'r of Soc. Sec.*, Case No. 07-15476

have held that the Commissioner cannot complain about a failure to exhaust administrative remedies when he or she refuses to provide the appropriate remedies. *Klein v. Heckler*, 761 F.2d 1304, 1312 (9th Cir. 1985).

Defendant not only acknowledges that plaintiff's request to the Appeals Council was timely, but also does not dispute any of the facts surrounding that request as set forth in plaintiff's response to the motion to dismiss. (Dkt. 10). Thus, not only did the Appeals Council improperly reject plaintiff's request as untimely, it also: (1) claimed not to have received plaintiff's August 27, 2007 response to the request to show cause; (2) found no good cause to reopen the matter in its November 9, 2007 decision because the documents filed on July 23, 2007 could not be located; (3) and refused again to reopen the matter on reconsideration in a decision dated December 5, 2007 (which decision also refers to a letter dated November 15, 2007 that plaintiff never received). (Dkt. 8, pp. 2-3). Despite having access to all the same proofs that have now forced defendant to admit that the request to the AppealsCouncil for review was timely filed, and despite multiple opportunities to re-investigate the matter, time and again, defendant failed or refused to acknowledge or correct its error. Under these circumstances, I conclude that plaintiff made all reasonable attempts to properly exhaust and defendant essentially refused to provide the means for plaintiff to do

5

Report and Recommendation
Defendant's Motion to Dismiss
*Oliver v. Comm'r of Soc. Sec.*, Case No. 07-15476

so.  Therefore, I recommend that the Court find that defendant has waived its right to seek a dismissal of this action based on any failure of plaintiff to exhaust his administrative remedies.  *See, Klein v. Heckler, supra.*

The undersigned also recommends that the Court remand this matter to the Appeals Council for consideration of plaintiff's request for review because plaintiff has requested this relief and because the course of action chosen by the Appeals Council could have a substantive affect on the outcome and the record.  Specifically, the Appeals Council may either conduct its own review (which might include reviewing the record as it exists, or taking new evidence as well as permitting briefs and/or oral argument) or it may remand the entire case, or certain specified issues, to the ALJ.  *Cline v. Sec'y of Health and Human Serv.*, 875 F.Supp. 435, 438 n. 2 (N.D. Ohio 1995), citing, 20 C.F.R. § 404.967, *et. seq.*; *see also, Dawson v. Sullivan*, 136 F.R.D. 621, 623-624 (S.D. Ohio 1991).  If the Council conducts its own review, its decision will become the final decision of the Commissioner subject to judicial review.  *Cline*, at 438 n. 2.  If the Council remands the matter to the ALJ, the ALJ will file a recommendation and, on the basis of both the record and the ALJ's new recommendation after remand, the Council will issue its decision, which is then final and subject to judicial review.  *Id*.  Should plaintiff not be successful on the merits, the substance of his claims

6

Report and Recommendation
Defendant's Motion to Dismiss
*Oliver v. Comm'r of Soc. Sec.*, Case No. 07-15476

may then be revisited by this Court, although it may be necessary for plaintiff to amend his complaint to address any post-remand issues that may develop.

   C.   Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **DENY** defendant's motion to dismiss, **GRANT** plaintiff's request to **REMAND** this matter to the Appeals Council, and **RETAIN** jurisdiction.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 10 days of service of a copy hereof, as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Within 10 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not exceed 20 pages in

7

Report and Recommendation
Defendant's Motion to Dismiss
*Oliver v. Comm'r of Soc. Sec.*, Case No. 07-15476

length unless such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections by motion and order. If the Court determines any objections are without merit, it may rule without awaiting the response to the objections.

Date: June 19, 2008

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

8

Report and Recommendation
Defendant's Motion to Dismiss
*Oliver v. Comm'r of Soc. Sec.*, Case No. 07-15476

# **CERTIFICATE OF SERVICE**

I hereby certify that on June 19, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: James A. Brunson, AUSA, Charles A. Robison, and Commissioner of Social Security, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: not applicable.

s/James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7850
pete_peltier@mied.uscourts.gov

9

Report and Recommendation
Defendant's Motion to Dismiss
*Oliver v. Comm'r of Soc. Sec.*, Case No. 07-15476