UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

NATHANIEL M. OLIVER,

        Plaintiff,

v.

        Case Number 07-15476-BC
        Honorable Thomas L. Ludington

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION, OVERRULING DEFENDANT'S OBJECTION, DENYING DEFENDANT'S MOTION TO DISMISS, RETAINING JURISDICTION OVER PLAINTIFF'S COMPLAINT, REMANDING THE CASE TO DEFENDANT'S APPEAL COUNCIL, AND DIRECTING PLAINTIFF TO FILE A SUPPLEMENTAL BRIEF**

On December 27, 2008, Plaintiff Nathaniel M. Oliver ("Plaintiff") filed a complaint alleging that Defendant Commissioner of Social Security's ("Defendant") decision denying disability benefits was not supported by substantial evidence. Dkt. # 1. In lieu of an answer, Defendant moved to dismiss the complaint on the grounds that the Court lacked jurisdiction because Plaintiff had not exhausted his administrative remedies. Dkt. # 6. Plaintiff's response contended that he attempted to exhaust his administrative remedies when he timely appealed to Defendant's Appeal Council, but Defendant mishandled the application and Defendant believed that he had not timely filed the application. Dkt. # 8. Consequently, Defendant denied Plaintiff's appeal as untimely for not exhausting administrative remedies.

In light of Plaintiff's position that Defendant made an administrative error, Magistrate Judge Michael Hluchaniuk, on referral from this Court, ordered Defendant to provide supplemental briefing. Dkt. # 9. Defendant was to provide a response to Plaintiff's contention that it had timely

filed an appeal to the Appeals Council. *Id.* at 2-3. On June 9, 2008, Defendant filed a response brief, acknowledging that Plaintiff timely filed his appeal before the Appeals Council, but continued to assert that the Court lacked jurisdiction, albeit for a slightly different reason. Dkt. # 10. Essentially, Defendant continued to advance the argument that Plaintiff had yet to exhaust his administrative remedies and that the Court should dismiss the case to allow the Appeals Council to reach a determination of the timely filed appeal. *Id.* at 2-3.

Despite Defendant's administrative error, it contends that the four-step administrative review process has not been completed. *See* 20 C.F.R. § 416.1400(a). The first two steps allow for an initial determination and the reconsideration of an adverse decision. 20 C.F.R. § 416.1400(a)(1-2). The third step, which the parties agree occurred in this instance, allows an applicant for benefits to appeal an administrative law judge's ("ALJ") adverse decision to the Appeals Council. 20 C.F.R. § 416.1400(a)(3). The fourth and final step requires the Appeals Council to make a determination – whether affirming or reversing the ALJ's decision. 20 C.F.R. § 416.1400(a)(4). If the Appeals Council renders an adverse decision, then the applicant may seek review by a district court. 20 C.F.R. § 416.1400(a)(5).

On June 19, 2008, the magistrate judge issued a report and recommendation that this Court should deny Defendant's motion to dismiss, remand the case to the Appeals Council, and retain jurisdiction. Dkt. # 12 at 7. Defendant objected to the report raising two assignments of error as follows: (1) the Court does not have jurisdiction, notwithstanding Defendant's administrative error; and (2) in the event the Court remands to the Appeals Council and retains jurisdiction, the Court should not limit the scope of remedies. In other words, Defendant agrees that the case should be remanded to the Appeals Council, but objects to the Court retaining jurisdiction and potentially

requiring the Appeals Council to undertake a complete, substantive review of the record (one of multiple courses of action available to the Appeals council). Defendant emphasizes that it did not engage in "bad faith" conduct that would justify excusing Plaintiff from fully exhausting remedies before this Court retained subject-matter jurisdiction. Dkt. # 14 (*citing Mich. Ass'n of Indp. Clinical Labs v. Shalala*, 52 F.3d 1340, 1349 (6th Cir. 1994) (for the proposition that it is appropriate to waive exhaustion requirements only when an agency acts in bad faith or other extenuating circumstances exist)).

The Court agrees with Judge Hluchaniuk's conclusion that Defendant's conduct caused the delay in Plaintiff's application for benefits. The record demonstrates that Plaintiff acted diligently, but that Defendant continually asserted that the appeal was untimely for almost a year, despite multiple opportunities and requests by Plaintiff to investigate the circumstance. *See* dkt. # 12 at 5. Although not intentional, it is apparent Defendant did not adequately review its own record.

The magistrate judge concluded that Defendant waived its right to raise the argument that Plaintiff had not exhausted his administrative remedies, because Defendant "essentially refused to provide the means for [P]laintiff to do so." Dkt. # 12 at 5-6 (*citing Klein v. Heckler*, 761 F.2d 1304, 1312 (9th Cir. 1985)). Defendant stresses that it did not act in bad faith, however, it does not offer any justification for repeatedly concluding Plaintiff's appeal was untimely. Dkt. # 14 at 2. Defendant is responsible for the unnecessary delay and it has waived its right to raise the exhaustion argument. This Court will remand to the Appeals Council and retain jurisdiction.

Defendant's second concern relates to the magistrate judge's instructions to the Appeals Council, which stated the following:

> The undersigned also recommends that the Court remand this matter to the Appeals
> Council for consideration of plaintiff's request for review because plaintiff has

> requested this relief and because the course of action chosen by the Appeals Council could have a substantive affect on the outcome and the record. Specifically, the Appeals Council may either conduct its own review (which might include reviewing the record as it exists, or taking new evidence as well as permitting briefs and/or oral argument) or it may remand the entire case, or certain specified issues, to the ALJ. *Cline v. Sec'y of Health and Human Serv.*, 875 F.Supp. 435, 438 n. 2 (N.D. Ohio 1995), *citing*, 20 C.F.R. § 404.967, *et. seq.*; *see also*, *Dawson v. Sullivan*, 136 F.R.D. 621, 623-624 (S.D. Ohio 1991). If the Council conducts its own review, its decision will become the final decision of the Commissioner subject to judicial review. *Cline*, at 438 n. 2. If the Council remands the matter to the ALJ, the ALJ will file a recommendation and, on the basis of both the record and the ALJ's new recommendation after remand, the Council will issue its decision, which is then final and subject to judicial review. *Id*. Should plaintiff not be successful on the merits, the substance of his claims may then be revisited by this Court, although it may be necessary for plaintiff to amend his complaint to address any post-remand issues that may develop.

Dkt. # 12 at 6-9. Defendant interprets the magistrate judge's direction to unlawfully limit the Appeals Council to conduct its own review or remand to the ALJ. Defendant points out that the Appeals Council also has other options available. Dkt. # 14 at 3 (*citing* 20 C.F.R. § 416.1467). Upon review of the report and recommendation, it appears that the magistrate judge suggests some potential methods of reviewing the appeal, not an exhaustive list. It does not appear to be limiting the options of the Appeals Council on review. In any event, the matter is remanded to the Appeals Council with instructions to review the appeal in accordance with the controlling regulations, including 20 C.F.R. § 416.1467.

Accordingly, it is **ORDERED** the magistrate judge's recommendation is [Dkt. # 12] is **ADOPTED** and Defendant's objection [Dkt. # 14] is **OVERRULED**.

It is further ordered that Defendant's motion to dismiss [Dkt. # 6] is **DENIED**. This matter is **REMANDED** to the Appeals Council for review of Plaintiff's appeal in accordance with the applicable regulations. The Court **RETAINS** jurisdiction over Plaintiff's complaint.

It is further **ORDERED** that Plaintiff shall file a supplemental brief providing an update on the status of Plaintiff's appeal on or before **December 14, 2008**.  In the event that Defendant reaches a final determination concerning Plaintiff's appeal before that date, Plaintiff shall file the supplemental brief within ten days of the date the determination is issued.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: August 13, 2008

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 13, 2008.

s/Tracy A. Jacobs
TRACY A. JACOBS